**FILED**

at___O'clock & ___min. ___M

JUL 2 6 2004

BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (jw)

**ENTERED**

JUL 2 6 2004

L.O,

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Keene of South Carolina, Inc.,<br><br>Debtor. | Case No.  04-06897 jw<br><br>Chapter  11 |

### ORDER AUTHORIZING THE APPOINTMENT OF A TRUSTEE

This matter comes before the Court upon the motion of Countybank, a secured creditor in the above-captioned case, for the appointment of a trustee (the "Motion") pursuant to 11 U.S.C. §§ 1104(a)(2), and Federal Rule of Bankruptcy Procedure 2007.1 ("Rule 2007.1").  Countybank seeks the appointment of a trustee to manage and operate Keene of South Carolina, Inc. ("Keene-SC") for the remainder of its bankruptcy or until a sale of substantially all of the assets in the estate has closed.  Keene-SC is currently operating its business and managing its assets as the debtor-in-possession in this case.

Countybank asserts that the two owners of Keene-SC, Kathleen Prusator and Rick Prusator, have been involved in divorce litigation for over one year, and that such contentious and protracted litigation jeopardizes the continued operation of the radio stations owned by Keene-SC and the going concern value of the assets of the estate.  Furthermore, as a result of the contentious nature of Mr. and Ms. Prusator's divorce proceedings, management of Keene-SC appears deadlocked.  Countybank further asserts that a sale of Keene-SC's assets is necessary to generate funds to pay its secured claims and that, while the two owners agree that such a sale should be made, the two owners of Keene-SC refuse to cooperate with each other to ensure that a sale occurs.

Two responses/returns were filed with the Court.  On July 1, 2004, Kathleen Prusator, a fifty-percent (50%) owner of Keene-SC, filed a <u>Return to Motion to Appoint Trustee</u> ("Return"). In her Return, Ms. Prusator argues that a trustee is not necessary in this case because there are two offers to purchase the assets of Keene-SC.  Ms. Prusator further asserts that a trustee is unnecessary and too costly.  Similarly, on July 6, 2004, Rick Prusator, the other 50% owners of Keene-SC,  filed a <u>Response to Motion for the Appointment of a Trustee</u> ("Response") on behalf of the debtor.  In his Response, Mr. Prusator asserts that he is concerned with the additional cost of a trustee.

The Court conducted a hearing on the matter on July 13, 2004.  In light of the current deadlock between Ms. Prusator and Mr. Prusator, the coinciding deterioration of Keen-SC's bankruptcy estate, and the difficulty of determining who exactly speaks for the estate since Mr. and Ms. Prusator each own a fifty-percent (50%) interest in Keene-SC, the Court hereby finds that a trustee should be appointed in the best interest of the creditors and the estate, pursuant to 11 U.S.C. §§ 1104(a)(2).  <u>In re Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.)</u>, 838 F.2d 1133, 1136 (10th Cir. 1988)("It is clear, from both the language of the statute and established case law, that the court need not find any of the enumerated wrongs in order to find cause for appointing a trustee.  It is sufficient that the appointment be in the best interests of creditors.")(internal citation omitted); <u>In re Kent Island Ltd. Partnership</u>, No. 94-12643-AT, 1994 WL 507700, at *1 (Bankr. E.D. Va. Aug. 16, 1994)(same); <u>In the Matter of Tahkenitch Tree Farm Partnership</u>, 156 B.R. 525, 528 (Bankr. E.D. La. 1993)("When the board of directors of a corporation is effectively deadlocked, appointment of a trustee is in the best interests of the estate."); <u>In re Advanced Electronics, Inc.</u>, 99 B.R. 249 (Bankr. M.D. Pa. 1989)(same); <u>Petralex Stainless Steel, Ltd. v. Bishop Tube Division of Christiana Metals (In re Petralex Stainless Steel,</u>

2

Ltd.), 78 B.R. 738, 744-45 (Bankr. E.D. Pa. 1987). Therefore, based on the Motion, statements presented by counsel at the hearing, and the record in this case, there are sufficient grounds for the appointment of a trustee pursuant to 11 U.S.C. §§ 1104(a)(2). It is therefore,

ORDERED, ADJUDGED AND DECREED that Countybank's Motion for the Appointment of a Trustee is hereby granted. It is further ordered that the United States Trustee is authorized to appoint a trustee to serve in this case pursuant to 11 U.S.C. § 1104(c) and this appointment shall be made as soon as possible.

AND IT IS SO ORDERED.

John E. Waites
United States Bankruptcy Judge

July 26, 2004
Columbia, South Carolina

3