ENTERED

JUL 3 0 2004

K.R.W.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Keene of South Carolina, Inc.,

Debtor.

C/A No. 04-06897-W

**ORDER**

Chapter 11

FILED
at ___ o'clock & ___ min ___ M
JUL 3 0 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (5)

This matter comes before the Court upon the Application of Employment of Jane H. Downey, Esq. (the "Application") as general bankruptcy counsel for Keene of South Carolina, Inc. (the "Debtor") and Kathleen Prusator's return (the "Return") thereto. The Return seeks denial of the Application. After hearing the parties' arguments, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1. Debtor operates two radio stations in Greenwood, South Carolina. Rick Prusator ("R. Prusator") and Kathleen Prusator ("K. Prusator") each own fifty-percent (50%) of Debtor's shares, and they each hold fifty-percent (50%) interests in Keene Properties, LLC, a limited liability company that owns the real property upon which Debtor operates.

2. On May 26, 2004, R. Prusator filed for relief under chapter 7 of the Bankruptcy Code under case number 04-06144. Counsel of record for R. Prusator in the chapter 7 case is Jane H. Downey, Esq. ("Downey").

3. R. Prusator and K. Prusator are currently involved in a contentious divorce proceeding in the Family Court for the County of Greenwood, South Carolina ("State Court").

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

4.    R. Prusator lists K. Prusator as a creditor in the schedules that he filed in his chapter 7 case.

5.    Acting on behalf of Debtor, R. Prusator also retained Downey to serve as Debtor's general bankruptcy counsel in a chapter 11 case. On June 11, 2004, Debtor, under the direction of R. Prusator, filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code. However, nothing in the record of this case indicates that Debtor's by-laws, any shareholder agreement, or other document provides R. Prusator with unilateral authority to place Debtor in bankruptcy.

6.    Additionally, nothing in the record of this case indicates that K. Prusator, a fifty-percent (50%) shareholder of Debtor, was aware of, consented to or ratified the chapter 11 filing or the retention of Downey as Debtor's general bankruptcy counsel.[2]

7.    The schedules that were submitted in R. Prusator's chapter 7 case and Debtor's chapter 11 case indicate that R. Prusator, K. Prusator, and Debtor are co-obligors on numerous debts.

8.    Several weeks after the chapter 11 filing, on June 29, 2004, Downey filed the Application.

9.    On July 7, 2004, K. Prusator filed the Return. In the Return, K. Prusator seeks denial of Downey's Application without prejudice on the following grounds: (1) R. Prusator did not have the authority to unilaterally file this chapter 11 case on behalf of Debtor and hire Downey as general bankruptcy counsel, and (2) Downey is not a disinterested person for purposes of 11 U.S.C. § 327(a) because she currently represents R. Prusator in his chapter 7 bankruptcy while he is engaged in the divorce proceeding with K. Prusator and therefore R. Prusator's interests are adverse.

---

[2]    K. Prusator did, however, acknowledge a desire to liquidate the assets of Debtor during the hearing on Downey's Application for Approval of Employment. On June 23, 2004, K. Prusator submitted a letter to the Court wherein she ratified the Debtor's bankruptcy upon the condition that a trustee is appointed to Debtor's case.

## CONCLUSIONS OF LAW

When considering disqualification of a debtor's counsel, the court must be mindful that disqualification "has an immediate adverse affect on the administration of the bankruptcy estate." In re Garza, No. 93-14622-AT, 1994 WL 282570, at *2 (Bankr. E.D. Va. Jan. 19, 1994). "Moreover, since motions for disqualification of debtor's counsel may be filed for tactical reasons, the Court must review these efforts with considerable circumspection and reluctance." Id. Nevertheless, if the particular facts of a case necessitate the disqualification of debtor's counsel, courts must remedy the matter quickly in order to minimize delays in the administration of a case.

The Bankruptcy Code provides the Court with broad discretion over the employment of professionals to work on behalf of the estate. Harold & Williams Dev. Co. v. United States Trustee (In re Harold & Williams Dev. Co.), 977 F.2d 906, 909 (4th Cir. 1992)(citing In re Martin, 817 F.2d 175, 182 (1st Cir. 1987)). However, the Court is instructed, within the confines of the Code, to exercise its discretion by taking into account "the facts of a particular bankruptcy case and the overall objectives of the bankruptcy system." Id. at 10. Thus, the Court shall examine the factual circumstances unique to this case in order to determine the merits of K. Prusator's objection to the Application.

*R. Prusator's Authority to File a Petition and Appoint*
*Downey as Debtor's Bankruptcy Counsel*

As her first ground for objecting to Downey's employment as general bankruptcy counsel, K. Prusator asserts that R. Prusator did not have the authority to unilaterally file a bankruptcy petition on behalf of Debtor or hire Downey as general bankruptcy counsel. R. Prusator contends that he possessed the authority to unilaterally place it in chapter 11 bankruptcy without the consent of K. Prusator or the Board of Directors because the State Court awarded

3

him temporary possession of Debtor and made him responsible for operating Debtor. The Court disagrees. The State Court order did not specifically grant or even appear to contemplate the authority to file a bankruptcy petition.

This Court has previously dismissed a chapter 7 case filed on behalf of a corporation where neither the Articles of Incorporation, by-laws, shareholders' agreement, nor formal ratification of corporate action provided a shareholder with the unilateral authority to file a bankruptcy petition on behalf of a corporate debtor. In re Elgin, C/A 99-01982, Adv. No. 99-80264, slip op. at 2-3 (Bankr. D.S.C. Jan. 28, 2000). In light of such precedent and the absence of any ratification or consent from K. Prusator with respect to Debtor's chapter 11 filing, it appears that R. Prusator does not have the authority to file Debtor's petition or direct the conduct of its case, including the hiring of Downey as Debtor's general bankruptcy counsel.[3]

*11 U.S.C. § 327(a)*

Section 327(a) provides the applicable standards in determining whether Downey may serve as Debtor's general bankruptcy counsel. In re Dunes Hotel Assocs., No. 94-75715-W, 1997 WL 33344280, at *6 (Bankr. D.S.C. Dec. 15, 1997)("Employment of professionals by trustees and debtors in possession is governed by 11 U.S.C. § 327")). Section 327(a) provides that a debtor-in-possession may employ counsel that (i) do not hold or represent an interest adverse to the estate and (ii) are disinterested persons. 11 U.S.C. § 327(a). See also In re Dunes Hotel Assocs., 1997 WL 33344280, at *6; In re Garza, 1994 WL 282570, at *1. While the two requirements of § 327(a) do overlap to some extent, they are separate and distinct. In re Dunes Hotel Assocs., 1997 WL 33344280, at *6. When comparing the language of § 327(a) and § 101(14)(E), it is clear that § 327(a)'s "interest adverse to the estate" standard does not include

---

[3] As previously noted, subsequent to the chapter 11 filing, K. Prusator ratified the filing to the extent a chapter 11 Trustee is appointed. The Court does not consider such a conditional ratification effective to ratify Downey's employment based on the facts of this case.

4

the materiality requirement expressed in § 101(14)(E). Id. Accordingly, the "disinterested person" standard has been considered a more stringent requirement than § 327(a)'s "interest adverse to the estate" prong. Therefore, in recognition of these differences, the Court shall engage in separate inquiries for each prong of § 327(a) to determine whether to approve the Application.

<u>"Holding or Representing an Interest Adverse to the Estate"</u>

"Holding an interest adverse to the estate" and "representing an interest adverse to the estate" is defined as follows:

> [T]o hold an interest adverse to the estate means (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival or claimant; or (2) to possess a predisposition under circumstances that render such bias against the estate.
> To represent an adverse interest means to serve as agent or attorney for any individual or entity holding such an adverse interest. (internal citations omitted)

<u>In re Air South Airlines, Inc.</u>, No. 97-07229-W, 1998 WL 34020727, at *7 (Bankr. D.S.C. Jan. 18, 1998).

With this framework in mind, it appears that Downey represents an interest adverse to the estate. During the hearing on the Application, Downey's representation appears to cross the line between representing the estate and its interests and representing R. Prusator individually. Downey repeatedly asserted the interests of R. Prusator, whose hostility toward K. Prusator and unwillingness to cooperate, as exhibited at the hearing, has the potential to lessen, and likely has lessened, the value of the estate. At the hearing, Downey asserted R. Prusator's intent to deny K. Prusator, a fifty-percent (50%) shareholder of Debtor and creditor in R. Prusator's chapter 7 case, access to the books and records of Debtor's radio station during normal business hours.

Further, while the expressed intent of all parties involved was for a sale of Debtor's assets, the parties remained unwilling to cooperate to work toward that goal which is indicative of the present deadlock in management. The perpetuation of the deadlock and struggle for control will continue to have a detrimental effect on the estate.

R. Prusator's actions toward K. Prusator indicate that his interests take precedence over the interests of the estate and its efficient administration, despite his status as a shareholder. Moreover, the Court notes that Downey strictly adhered to R. Prusator's instructions and did not demonstrate an ability to counsel him to take more reasonable positions in order to further the interests of the estate. Therefore, Downey's representation of R. Prusator in his chapter 7 case and the conflicting efforts to achieve beneficial results for R. Prusator at the expense of the efficient and equitable administration of Debtor's chapter 11 bankruptcy lead this Court to conclude that she represents an interest adverse to the estate pursuant to 11 U.S.C. § 327(a).

## "Disinterested Person"

Not only does Downey represent an interest adverse to the estate, Downey is not a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code because of her dual representation of R. Prusator and Debtor. Section 101(14) defines a disinterested person as one who is not a creditor and who "does not have an interest materially adverse to the interest of the estate or *any class of . . . equity security holders*, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . *or for any other reason.*" 11 U.S.C. § 101(14)(emphasis added).

Applying § 101(14)(E) to the facts of this case indicates that Downey has an interest "materially adverse" to K. Prusator, an equity security holder of Debtor. Downey's materially adverse interest to K. Prusator is evinced by her representation of R. Prusator in his personal

6

chapter 7 bankruptcy while he is involved in a domestic relations dispute with K. Prusator in State Court. On June 22, 2004, K. Prusator filed a Motion for Relief from Stay in order to continue litigating domestic relations matters in State Court to which R. Prusator objected, giving rise to a contested matter between the parties. Additionally, the parties assert differing interests in property, ongoing support, and alimony in the State Court litigation. Therefore, because R. Prusator is currently attempting to gain economic advantages over K. Prusator through ongoing litigation in the State Court divorce proceeding, and for the reasons previously cited, Downey's representation of R. Prusator in his chapter 7 case taints her with a materially adverse interest to K. Prusator, a fifty-percent (50%) equity holder of Debtor; therefore Downey is not a "disinterested person" pursuant to § 101(14)(E) and cannot serve as counsel for Debtor. 11 U.S.C. § 327(a).

*Conclusion*

Therefore, in light of the attendant factual circumstances of this case, the Application to Employ Downey as general bankruptcy counsel for Debtor is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
July 30, 2004